**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH LEWIS-EL,

      Plaintiff,                Civil Action No. 2:08-CV-15060

v.                            HONORABLE GEORGE CARAM STEEH

                                 UNITED STATES DISTRICT COURT

BARBARA SIMPSON, et. al.,

      Defendants,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTIONS TO CERTIFY THAT AN APPEAL WOULD BE UNDERTAKEN IN GOOD FAITH

On December 16, 2008, this Court summarily dismissed plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983, in which plaintiff brought several constitutional challenges to the changes in Michigan's commutation laws and procedures which make it more difficult to obtain a commutation from a non-parolable life sentence for first-degree murder.  Before the Court is plaintiff's motions for leave to appeal *in forma pauperis* or in the alternative, his motion for reconsideration.  For the reasons stated below, the motions are DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be

1

granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Plaintiff is currently serving a sentence of life imprisonment without parole for first-degree murder. Plaintiff claims that when he was initially incarcerated in 1983, he was screened for possible commutation of his sentence based on the Michigan Department of Corrections' Policy Directive [PD-DWA] 45.12, which established a commutations guidelines range which scored various factors for determining a prisoner's eligibility for the commutation of his non-parolable life sentence. PD-DWA-45-12 was rescinded by a new parole board on January 24, 1992. Plaintiff claimed that the retroactive application of the changes in Michigan's commutations laws and procedures violates the *Ex Post Facto Clause* of the United States Constitution. Plaintiff based his claim,in part, on the case of *Foster-Bey v. Rubitschun,* U.S.D.C. No. 05-CV-71318, a class action in which Judge Marianne O. Battani of this district ruled that changes in Michigan's parole laws and procedures regarding the determination for parole eligibility for prisoners serving parolable life sentences violated the *Ex Post Facto* Clause of the United States Constitution.

In his motion for reconsideration, plaintiff claims that this Court erred when it refused to discuss his *Ex Post Facto* claim. Contrary to plaintiff's assertion, this

2

Court spent four pages of the opinion and order of summary dismissal discussing plaintiff's *Ex Post Facto* claim. *See Lewis-El v. Simpson, et. al.,* Slip. Op. 08-CV-15060, * 8-11.  This portion of plaintiff's motion for reconsideration is without merit.

Plaintiff further contends that his complaint is not subject to summary dismissal, in light of Judge Battani's holding in the *Foster-Bey* case.

This Court was aware of the *Foster-Bey* decision at the time of the opinion and order of summary dismissal, but believed that the issue of commutation for prisoners serving non-parolable life sentences for first-degree murder is substantially different than for prisoners seeking parole on a parolable life sentence.  This Court noted that "even if a change in parole procedures might conceivably violate the *Ex Post Facto* Clause, retroactive changes in policies regarding the commutation of non-parolable life sentences does not violate the *Ex Post Facto* Clause*." See Lewis-El v. Simpson, et. al.,* Slip. Op. 08-CV-15060, * 10-11 (citing

*Snodgrass v. Robinson,* 512 F. 3d 999, 1002 (8th Cir. 2008)).  "This is because most parole procedures 'are distinct from the highly personal, policy oriented, and legislatively unchecked authority' of Michigan's governor to grant sentence commutations." *Id (*quoting *Snodgrass,* 512 F. 3d at 1002).   "'The unpredictability of a wholly discretionary grant of commutation' in Michigan precludes plaintiff from demonstrating that any changes in M.D.O.C. policy regarding commutations

3

raise a 'significant risk' that he will be denied a commutation he otherwise would have received.  As such, plaintiff cannot demonstrate there is a significant risk his punishment will be longer than it would have been when PD-DWA-45.12 was in place.  Accordingly, he cannot make out an ex post facto claim." *Id.* (*quoting Snodgrass,* 512 F. 3d at 1002-03).  This Court further noted that *Ex Post Facto* challenges to the changes in Michigan's commutation laws for non-parolable life sentences had previously been rejected. *Id. (citing Vertin v. Gabry,* 70 F.3d 116 (Table), 1995 WL 613692 (6th Cir. October 18, 2005)).

Plaintiff's motion for reconsideration will therefore be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed his civil rights complaint for failing to state a claim upon which relief can be granted. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Plaintiff has also filed two motions for leave to appeal *in forma pauperis.*

This Court declines to certify that any appeal of the Court's opinion and order would be undertaken in good faith.  28 U.S.C. § 1915(a)(3) indicates that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that is not taken in good faith.  A federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996).

In determining whether an appeal under the *in forma pauperis* statute is

4

taken in good faith, the good faith standard is an objective one. *Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990)(*quoting Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  The U.S. Supreme Court has interpreted good faith as stated in 28 U.S.C. § 1915 as simply meaning that the issue being appealed is not frivolous. *Davis v. Michigan Department of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990); *Coppedge,* 369 U.S. at 445.  Where a plaintiff's complaint fails to even remotely approach an actionable claim under § 1983, an appeal from the decision may not be taken *in forma pauperis* because it would be frivolous and would not be undertaken in good faith. *Davis*, 746 F. Supp. at 667.

     In this case, for reasons stated in greater detail in the opinion and order of summary dismissal, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A).  Because plaintiff's complaint lacked any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Goodell v. Anthony,* 157 F. Supp. 2d 796, 802 (E.D. Mich. 2001).  Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon these defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

5

**ORDER**

**IT IS HEREBY ORDERED** that the Motion for Leave to Appeal in *forma pauperis* in the U. S. Court of Appeals for the Sixth Circuit, Alternately Motion for Rehearing or Reconsideration [Dkt. # 6] and the Motion for Leave to Appeal *In Forma Pauperis* [Dkt. # 7] are **DENIED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

Dated:  January 21, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 21, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

6